EBEL, Circuit Judge,
Dissenting in part and Concurring in part.
I disagree with the majority’s conclusion that Officer Woods is entitled to qualified immunity on summary judgment. An individual’s clearly established right to be free of unreasonable searches and seizures is violated when a law enforcement officer attempts to detain him or her without at least reasonable suspicion supported by articulable facts of wrongdoing. See United States v. Espinosa, 782 F.2d 888, 890 (10th Cir.1986). Absent such reasonable suspicion or probable cause, an officer may stop and question only with the consent of the individual. See id. By definition, an individual may terminate a consensual encounter without detriment. In the present case, in my view, Mr. Oliver attempted to *1192 terminate a consensual encounter with Officer Woods and Officer Woods violated his clearly established Fourth Amendment rights by the subsequent stop and arrest.
As the majority correctly notes, we examine the totality of the circumstances and ask whether the officer had “a particularized and objective basis for suspecting the particular person stopped of criminal activity.” United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). If no such basis exists, then the officer lacks the authority to conduct more than a consensual encounter. Viewed in the proper context, the facts of the present case do not form a “particularized and objective basis” for suspecting Mr. Oliver of criminal wrongdoing. Consequently, Officer Woods was entitled to. question Mr. Oliver only with the latter’s consent, and Mr. Oliver therefore had no duty to identify himself before leaving the premises.
Under the summary judgment standard, we accept the following facts as true. Officer Woods turned around and followed the cars of Mr. Oliver and his son into the parking lot of Dave’s Import Auto Shop shortly before opening. Mr. Oliver exited his vehicle, left it at the auto shop, and got into the driver’s seat of the second car. Officer Woods admitted that he saw no evidence that Mr. Oliver had deposited any items in the parking lot of the shop, other than the car he had parked.
It is not disputed that a “varda” alarm had been installed on the premises in response to two instances of illegal oil dumping, and that Officer Woods was aware of the alarm and the reason for the installation. Nevertheless, the alarm indicated only that a vehicle had entered the public parking lot of an auto repair shop, where it was routine for customers to leave their automobiles prior to opening. This fact sharply distinguishes the present case from those involving interior burglar alarms, where a much higher presumption of wrongdoing arises upon activation. Similarly, this case is unlike United States v. Doyle, 129 F.3d 1372 (10th Cir.1997), where an alarm had been installed on a road crossing the border between the United States and Mexico. The officer in Doyle had a number of valid reasons to suspect criminal activity because, among other things, the vehicle had most likely tripped a hidden sensor monitoring traffic across the international border at an unauthorized checkpoint, and because he had verified that the vehicle had not legally crossed the border in 'the past seventy-two hours. By contrast, merely entering the driveway of Dave’s Import Auto Shop shortly before opening does not even remotely suggest criminal wrongdoing. Indeed, it seems extremely unlikely that a potential oil-dumper would illegally dump oil and then leave behind his own car for repairs. Viewed in this context, and in light of the complete absence of other indi-cia of criminal activity, the facts in this case cannot support the reasonable suspicion necessary to detain Mr. Oliver.
If there is no reasonable suspicion to question Mr. Oliver, then the encounter was merely consensual. As such, Mr. Oliver was free to leave at any time, without identifying himself to Officer Woods. Of course, terminating a consensual encounter does not justify further detention, and thus the subsequent stop and arrest were improper. Officer Woods violated the clearly established constitutional right of Mr. Oliver by attempting to detain him without a reasonable suspicion of wrongdoing. Officer Woods is therefore not entitled to qualified immunity for his actions on summary judgment.
I agree, however, with the majority’s conclusion with regard to Officer Scow. It is clear that “[ojfficers may rely on information furnished by other law enforcement officials to establish reasonable suspicion and to develop probable cause for an arrest.” See Albright v. Rodriguez, 51 F.3d 1531, 1536 (citations omitted). Based on the brief exchange between Officer Woods and Officer Scow when the latter arrived on the scene, it appears that Officer Scow received incomplete information describing the preceding events. Officer Scow was *1193 not, however, obligated to “cross-examine [his] fellow officer[ ] about the foundation for the transmitted information.” United States v. Hensley, 469 U.S. 221, 231, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (internal quotation-marks omitted). It was sufficient that Officer Scow reasonably believed Officer Woods had properly required Oliver to identify himself. Even though Woods later concluded and informed Scow that Oliver was no longer under suspicion for dumping oil, the fact that Oliver refused to identify himself was sufficient to justify Scow’s actions as long as he reasonably believed Woods’ initial encounter was supported by reasonable suspicion. Under the circumstances, Officer Scow’s reliance upon Officer Woods’ conclusions was objectively reasonable, see Baptiste v. J.C. Penney Co., 147 F.3d, 1252, 1260 (10th Cir.1998), and he is therefore entitled to qualified immunity.
Because I believe Officer Woods had no reasonable basis to support more than a consensual stop of Mr. Oliver, I respectfully dissent from the majority’s conclusion that Officer Woods is entitled to qualified immunity on summary judgment. I concur in the majority’s determination that Officer Scow is entitled to qualified immunity on summary judgment.